UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBIN LEANN MOORE-BROWN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:20-cv-01649-GMN-VCF |
| vs. ) | |
| ) | **ORDER GRANTING MOTION FOR** |
| CITY OF NORTH LAS VEGAS POLICE ) | **RECONSIDERATION AND DENYING** |
| DEPARTMENT, *et al.*, ) | **SUMMARY JUDGMENT** |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion for Reconsideration, (ECF No. 57), filed by Defendants City of North Las Vegas and Officer Alexander Cuevas. Plaintiffs Robin Leann Moore-Brown, B. B. Brown, L. K. Brown, and L. L. Brown filed a Response, (ECF No. 58), to which Defendants filed a Reply, (ECF No. 59).

For the reasons set forth below, the Motion for Reconsideration is **GRANTED**, but the Court again **DENIES** summary judgment on qualified immunity.

I.  **BACKGROUND**

This case arises from an officer-involved shooting resulting in the death of Mr. Fred Norris Brown III. (*See generally* Compl., ECF No. 1). Earlier in the proceedings, this Court granted in part and denied in part Defendants' Motion for Summary Judgment.[1] (Mot. Summ. J. ("MSJ") Order, ECF No. 44). The Court denied summary judgment on qualified immunity because an issue of material fact remained as to whether Officer Cuevas violated a statutory or constitutional right. (*Id.* 16:19–25). Defendants filed an interlocutory appeal challenging the denial of summary judgment on qualified immunity grounds. (Not. Appeal, ECF No. 46). The Court denied Plaintiffs' Motion to Certify Defendants' Interlocutory Appeal as Frivolous

---

[1] The Court incorporates the background facts set forth in the Court's summary judgment order, (ECF No. 44).

because Defendants raised an issue of law, which the Ninth Circuit has jurisdiction to consider. (Certification Order 3:4–10, ECF No. 53).  The Court also found that Defendants' request for relief raised a substantial issue that the Court would be willing to reconsider on remand with proper jurisdiction. (*Id*. 3:11–18).

The Ninth Circuit remanded this case for the limited purpose of considering a motion for relief from the summary judgment order challenged on appeal. (Remand Order, ECF No. 55). Now before the Court is Defendants' Motion for Reconsideration pursuant to Local Rule 59-1. (*See generally* Mot. Reconsideration, ECF No. 57).  Defendants argue that the denial of qualified immunity should be revisited, particularly the second prong of the defense, because Plaintiffs failed to demonstrate that Officer Cuevas' conduct violated a clearly established right. (*Id*. 2:13–25).  Defendants' appeal remains pending before the Ninth Circuit, with briefing suspended during the limited remand. (*See* Status Report Order, ECF No. 60).

## II. LEGAL STANDARD

### A. Reconsideration[2]

A court may set aside its order under Federal Rule of Civil Procedure 60 in light of (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; or (3) an intervening change in controlling law. *See* Fed. R. Civ. P. 60; D. Nev. LR 59-1(a); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  In general, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Local Rule 59-1(a) provides, "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood."

---

[2] This Court "possesses the inherent power to reconsider an interlocutory order for cause, so long as the [C]ourt retains jurisdiction." D. Nev. LR 59-1(a).  Here, the Court retains jurisdiction even though Defendants appealed the October 3, 2022, Order because the Ninth Circuit remanded this case for the limited purpose of considering a motion for relief from the Order challenged on appeal. (Min. Order, ECF No. 56).

### B. Summary Judgment

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

## III.  DISCUSSION

Defendants argue that the qualified immunity defense was not properly considered because it requires a two-step analysis, the second prong of which the Court failed to sufficiently address. (Mot. Reconsideration 4:18–5:6).  Because the Court finds that reconsideration is proper, the Court reconsiders Defendants' qualified immunity defense under the summary judgment standard.

### A. Reconsideration is Warranted

The summary judgment order contained a clear error because the Court failed to address the second prong of the qualified immunity analysis.  To overcome a claim of immunity,

1  plaintiffs must plead "facts showing (1) that the official violated a statutory or constitutional
2  right, and (2) that the right was 'clearly established' at the time of the challenged conduct."
3  *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).  Although the Court found that a dispute of fact
4  remained regarding the first prong, (MSJ Order 16:19–25), "where a claim of qualified
5  immunity is to be denied, both questions must be answered." *Hopkins v. Bonvicino*, 573 F.3d
6  752, 762 (9th Cir. 2009).  Accordingly, the Court GRANTS Defendants' Motion for
7  Reconsideration so the Court may properly consider the second prong of the qualified
8  immunity analysis on summary judgment.

9       **B.  Qualified Immunity is Denied**

10      Because reconsideration is proper, the Court readdresses Defendants' qualified
11  immunity defense.  "Qualified immunity gives government officials breathing room to make
12  reasonable but mistaken judgments about open legal questions.  When properly applied, it
13  protects 'all but the plainly incompetent or those who knowingly violate the law.'" *al-Kidd*, 563
14  U.S. at 743 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *see also Pearson v. Callahan*,
15  555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) ("The
16  doctrine of qualified immunity protects government officials 'from liability for civil damages
17  insofar as their conduct does not violate clearly established statutory or constitutional rights of
18  which a reasonable person would have known.'").

19      To overcome a claim of immunity, Plaintiffs must plead "facts showing (1) that the
20  official violated a statutory or constitutional right, and (2) that the right was 'clearly
21  established' at the time of the challenged conduct." *al-Kidd*, 563 U.S. at 735.  Further, if there
22  are genuine issues of material fact regarding the constitutional violation in question, "summary
23  judgment is appropriate only if Defendants are entitled to qualified immunity on the facts as
24  alleged by the non-moving party." *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir.
25  2007).  That is, when there is a material dispute of fact, the Court accepts the nonmoving

party's version of events to determine qualified immunity on summary judgment. *See Winterrowd v. Nelson*, 480 F.3d 1181, 1186 (9th Cir. 2007).

Although qualified immunity is a defense raised by the defendant, "[i]t is the plaintiff who 'bears the burden of showing that the rights allegedly violated were clearly established.'" *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017) (quoting *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000)). Plaintiffs must either explain why their case is obvious under existing general principles or, more commonly, show specific cases that control or reflect a consensus of non-binding authorities in similar situations. *Waid v. Cnty. of Lyon*, 87 F.4th 383, 388 (9th Cir. 2023).

A right is "clearly established" when "the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 U.S. at 741 (cleaned up). The Supreme Court has "'repeatedly told courts . . . not to define clearly established law at a high level of generality,' since doing so avoids the crucial question [of] whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (quoting *al-Kidd*, 563 U.S. at 742) (internal citation omitted). While a case addressing general principles may clearly establish a right in an obvious case, such obvious cases are "rare." *D.C. v. Wesby*, 583 U.S. 48, 64 (2018). Proving a clearly established right "usually requires controlling authority or a robust consensus of cases of persuasive authority." *Id*. at 63 (internal quotation marks omitted) (quoting *al-Kidd*, 563 U.S. at 741–42). Although defeating a qualified immunity claim on summary judgment does not require a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate" for a right to be clearly established. *White v. Pauly*, 580 U.S. 73, 79 (2017) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)).

Here, construing the material dispute of fact regarding whether Defendants violated Mr. Brown's constitutional rights in the light most favorable to Plaintiffs, the Court finds that such

rights were "clearly established" at the time of the challenged conduct. In its prior Order, the Court found that "a reasonable jury could conclude that Mr. Brown was surrendering" when the officers shot him three times. (MSJ Order 11:9–11). The Court is not being asked to reconsider this conclusion. So, for purposes of determining qualified immunity, the Court construes this dispute of fact in Plaintiffs' favor and assumes that Mr. Brown was surrendering. And it is clearly established that the use of lethal force against unarmed individuals who no longer pose an immediate threat of death or serious bodily injury to the officer's safety violates an individual's Fourth Amendment right to be free of excessive force. *See, e.g.*, *Zion v. Cnty. of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017) (affirming denial of qualified immunity when a "reasonable jury could find that Zion was no longer an immediate threat" after the fist volley of shots when officers shot him with a second volley of shots); *Tan Lam v. City of Los Banos*, 976 F.3d 986, 999 (9th Cir. 2020) (concluding that while officer's first shot—"fired after Sonny had stabbed him with scissors—was likely an objectively reasonable use of force, [his] second shot was not an objectively reasonable use of force" because Sonny no longer posed an immediate threat).

In *Zion* and *Tan Lam*, the Ninth Circuit recognized that while force may be reasonable one moment, force may become unreasonable when the suspect no longer poses a threat. Similarly here, because a reasonable jury could conclude that Mr. Brown was surrendering in the moments leading up to shots being fired, construing the facts in favor of Plaintiffs, Mr. Brown may no longer have posed a threat when Officer Cuevas shot him. (*See* MSJ Order 11:6–11) (finding that, based on body cam footage, "it appears that Mr. Brown could have been stepping back and putting his hands up. Indeed, at least one of the bullets entered Mr. Brown's back, suggesting that Mr. Brown may have been turning away from Officer Cuevas. Drawing all inferences in favor of the nonmoving party, a reasonable jury could conclude that Mr.

Brown was surrendering. Whether Mr. Brown remained an immediate threat at the time of the shooting is a material fact in dispute.") (internal citations removed).

The Court notes, however, that this case is distinguishable from *Zion* and *Tan Lam* in one crucial manner: in those cases, an officer fired a shot or volley of shots when the suspect posed a threat, and then fired a second shot or volley of shots after the suspect no longer posed a threat to the officer. Here, Mr. Brown posed a threat when he had an officer in a headlock, and Officer Cuevas fired all three shots in quick succession after Mr. Brown could reasonably be seen as surrendering. But defeating a qualified immunity defense at summary judgment does not require a case directly on point, and these cases demonstrate the clearly established law that deadly force against a suspect who no longer poses an immediate threat is unreasonable. *See White*, 580 U.S. at 79. Accordingly, the Court finds that Plaintiffs have met their burden to defeat Defendants' qualified immunity plea at summary judgment. Thus, while the Court reconsidered its prior order denying qualified immunity to complete its analysis, the Court declines to change the outcome at this stage. The Court again DENIES summary judgment on the issue of qualified immunity.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration, (ECF No. 57), is **GRANTED**. Summary judgment on the issue of qualified immunity is **DENIED**. This Order serves to supplement the Court's analysis in its summary judgment order, (ECF No. 44), but does not disturb that order's findings.

**DATED** this __11__ day of June, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court