UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBIN LEEANN MOORE-BROWN, *et al.*, <br><br>                   Plaintiffs,<br>  vs.<br><br>CITY OF NORTH LAS VEGAS POLICE DEPARTMENT, *et al.*,<br><br>                   Defendant. | Case No.: 2:20-cv-01649-GMN-DJA<br><br>**ORDER APPROVING PETITION FOR COMPROMISE OF THE CLAIMS OF MINORS B.B.B., L.L.B., L.K.B., AND ROBIN MOORE-BROWN** |

Pending before the Court is the Petition for Compromise of the Claims of Minors, (ECF No. 72), filed by Plaintiff Robin Leeann Moore-Brown. The parties have agreed to a settlement for all claims, and the petition seeks an order approving the compromise of the claims of minor Plaintiffs B.B.B., L.L.B, and L.K.B. Upon review of the petition, the Court finds that the settlement is fair and reasonable and in the best interest of the minors. The Court therefore GRANTS Plaintiff's petition for compromise of minors' claims for B.B.B., L.L.B., and L.K.B.

### I.   BACKGROUND

This case arises from an officer-involved shooting resulting in the death of Mr. Fred Norris Brown III. (*See generally* Compl., ECF No. 1). Plaintiffs brought this case for damages and the parties participated in a settlement conference which resulted in a settlement. (Pet. for Approval of Minor Compromise ("Pet."), ECF No. 72). Minor plaintiffs B.B.B., L.L.B., and L.K.B, by and through their guardian ad Litem Robin Moore-Brown, petition the Court for an Order approving the compromise agreement reached by the parties. (*Id.* 1:25–27).

### II.   LEGAL STANDARD

It is well settled that courts have a special duty to safeguard the interests of litigants of minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d

1177, 1181 (9th Cir. 2011). This special duty "requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). The court must independently investigate and evaluate any compromise or settlement of a minor's claim to assure itself that the minor's interests are protected, even if the settlement has been recommended and/or negotiated by the minor's parent or guardian ad litem. *Id.*

As the Ninth Circuit has made clear, in cases involving the settlement of a minor's federal claims, the district court should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1181–82 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

### III.   DISCUSSION

The parties have agreed to a $200,000 settlement for all claims arising from the death of Fred Norris Brown III. (Pet. 3:5–7). The Court will consider whether the proposed settlement is fair to the minors, and whether the method of disbursement is appropriate.

**A. Proposed Settlement**

Under the terms of the settlement, $200,000 will be distributed to the Plaintiffs and their attorneys. (*Id.* 9:24–27). Robin Moore-Brown, the mother of and sole provider for the minor Plaintiffs, will receive 50 percent of the settlement. (*Id.* 10:2–6). 40 percent of Robin Moore-Brown's recovery will be paid to the attorneys, plus a pro-rate share of costs. (*Id.* 10:7–10).

B.B.B., L.L.B, and L.K.B. will each receive one-third share of the remaining $100,000. (*Id.* 10:11–12). Attorneys' fees will be 33 percent of the minors' recovery plus costs advanced, resulting in each minor receiving $20,840.65. (*Id.* 10:11–17).

In determining whether to approve the settlement, the Court must first consider the outcome of similar cases to determine whether the sum to settle the minors' claims is reasonable. *See Robidoux*, 638 F.3d at 1181. Although the petitioner did not identify any similar actions to support the approval of the minors' compromise, the Court finds that the recovery is appropriate considering those received by minors in other actions. The settlement here meets or exceeds the amounts awarded to other minors who have suffered the loss of a parent during encounters with law enforcement. *See, e.g.*, *Armstrong v. Dossey*, 2013 WL 4676541, at *3–4 (E.D. Cal. Aug. 30, 2013) (approving recovery of $22,500 for minor with close relationship with father and $11,000 to minor with little to no relationship with father in Section 1983 and negligence case for failure to provide medical treatment to minors' incarcerated father); *Swayzer v. City of San Jose*, 2011 WL 3471217, at *1 (N.D. Cal. Aug. 5, 2011) (approving minor's compromise for net amount of $2,054.17 in action involving alleged wrongful death of minor's father during his arrest). Second, the requested attorneys' fees award is "reasonable in light of the signed contingency agreement and the early resolution of this case, which prevented prolonged litigation costs and continued trauma of rehashing the events underlying the suit." *Nephew v. Santa Rosa Memorial Hospital*, 2015 WL 5935337, at *3 (N.D. Cal. Oct. 13, 2015). Based on a review of the petition, together with the exhibits attached thereto, the Court finds that the settlement is reasonable, and the attorneys' fees and costs are reasonable and fair.

**B. Method of Disbursement**

The parties propose that the settlement proceeds for each minor be placed in a blocked account at Citibank, 1275 W. Redondo Beach Blvd., Gardena, California 90247 for each of

their individual portions of the settlement. (Pet. 2:13–14).  The funds in those accounts will be released to the minors upon their eighteenth birthday and will not be accessed before that time. (*Id.* 2:14–15).  The blocked accounts protect the minors because they provide that the settlement be released after they reach the age of majority.  The Court thus finds that this method of disbursement is fair, reasonable, and within the bounds of applicable law.

### IV. CONCLUSION

Based on the foregoing, the petition for approval of minors' compromise, (ECF No. 72), is **APPROVED** and **IT IS HEREBY ORDERED** that the settlement be implemented according to its terms, and as described above.

**IT IS FURTHER ORDERED** that Petitioner provide proof of deposit to the Court within 30 days of receiving the settlement funds.

**DATED** this __11__ day of October, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT